### ROGERS and Others *v.* GIBSON.

Suit upon a promissory note made in 1841, and payable to *A.,* as school
commissioner, and to his successors in said office.

*Held,* that under 1 R. S. 1852, *§* 12, p. 151, the action should have been
prosecuted, in the name of the State, on the relation of the auditor of
the proper county.

*Thursday,*    APPEAL from the *Martin* Common Pleas.
*December 6.*    PERKINS, J.—This suit was commenced by the State, on
the relation of *Stephens,* auditor of *Martin* county, on a note
payable to *Gibson,* school commissioner, and his successors
in office.    The note was given prior to the code of 1852, and
is alleged to have been executed upon a loan of school fund
money, and to belong to that fund.

The Court held that the suit, on the note, must be brought
in the name of the payee thereof, and directed his name to be
substituted as plaintiff.    The defendants then answered, that
the plaintiff had no interest in the note; that the beneficial
interest was in the acting auditor, and that he should sue.
This answer was held bad.

The code provides that every action must be brought in the
name of the real party in interest, except, &c.    2 R. S., p. 27.
It adds, that an executor, administrator, a trustee of an
express trust, or a person expressly authorized by statute,
may sue without joining the beneficiary, &c.    And 1 R. S.,
§ 12, p. 151 enacts that, "County auditors are authorized
to institute suit, and prosecute the same to final judgment
and execution, in the name of the State, against principals or
sureties, or either, upon any note, bond, mortgage, or any
obligation, on account of any trust fund, or other fund, whether

such note, bond, or mortgage be in the name of the State or any other person." By this section it would seem that the suit was rightly instituted in the first place. We have not been cited to any statute in conflict with the above provision.

*Per Curiam.*—The judgment is reversed, back to the original complaint, with costs. Cause remanded.

*John Baker*, for appellant.